**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, on behalf of herself and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――X
EILEEN GREENE, on behalf of herself and all : 
others similarly situated, :
 :
         Plaintiff, : Civil Action No.
 :
vs. : **CLASS ACTION  COMPLAINT**
 : **AND JURY TRIAL DEMAND**
J.C. CHRISTENSEN & ASSOCIATES, Inc. and :
LVNV FUNDING LLC, :
 :
         Defendants. :
―――――――――――――――――――X

Plaintiff EILEEN GREENE ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned attorney, alleges against the above-named Defendants J.C. CHRISTENSEN & ASSOCIATES, INC. and LVNV FUNDING LLC, the following:

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against Defendants J.C. CHRISTENSEN & ASSOCIATES, INC.

and LVNV FUNDING LLC (collectively "Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## III. PARTIES

6. The FDCPA, 15 U.S.C. § 1692 et seq., which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff EILEEN GREENE is a natural person residing in Essex County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief, Defendant J.C. CHRISTENSEN & ASSOCIATES, INC. ("J.C. Christensen") is a corporation organized under the laws of the State of Minnesota with its principle place of located at 200 14th Avenue E, Sartell, Minnesota 56377.

9. Based upon information and belief, Defendant LVNV Funding LLC ("LVNV") is a Delaware limited liability company with its principal place of business located at 625 Pilot Road, Suite 3, Las Vegas, Nevada 89119.

10. Based upon information and belief, Defendants are in the business of collecting debts in this state. Defendants' principal purpose is the collection of debts in this state, and Defendants attempt to collect debts alleged to be due another.

11. Each Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of, which is to attempt to collect debts alleged to be due another. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

13. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent collection letters from Defendants where the alleged current credit is LVNV Funding LLC and the original creditor is Capital One Bank (USA) N.A, and which contain at least one of the alleged violations arising from Defendants' violation of 15 U.S.C. section 1692 *et. seq.*
- The Class period begins one year to the filing of the original complaint.

14. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a. Whether the Defendants violated various provisions of the FDCPA, including, but not limited to: 15 U.S.C. §§1692d, 1692e and 1692f, and subsections cited therein.

b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;
- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### IV. FACTUAL ALLEGATIONS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone or Internet.

16. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Sometime prior to March 11, 2016, Plaintiff allegedly incurred a financial obligation to Capital One Bank (USA) N.A. ("Capital One").

18. Capital One is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19. Sometime before March 11, 2016, Capital One, either directly or through intermediate transactions, assigned, placed, or transferred the Capital One obligation to Defendant LVNV.

20. Also prior to March 11, 2016, Defendant LVNV, either directory or through intermediate transactions, assigned, placed or transferred the Capital One obligation to Defendant J.C. Christensen for purposes of collection.

21. At the time the Capital One obligation was assigned, placed, or transferred to Defendant J.C. Christensen, such obligation was in default.

22. Defendant J.C. Christensen caused to be delivered to Plaintiff a letter dated March 11, 2016 concerning the alleged Capital One obligation owned by Defendant LVNV, which sought collection of an account balance of $987.70. A copy of said letter is attached as **Exhibit A**.

23. The March 11, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

24. Upon receipt, Plaintiff read the March 11, 2016 letter.

25. The alleged Capital One obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

26. The March 11, 2016 collection letter states:

Please be aware that if the amount of debt forgiven as a result of settlement is

7

> equal to or greater than $600.00, your current creditor maybe required by Internal Revenue Code Section 6050P to report the forgiven debt to the IRS and issue a form 1099c.

("Credit Reporting Language")

27. Under 26 C.F.R. §1.6050P-1(d)(2) and (3), only the discharge of **<u>principal</u>** need be reported:

> (2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.
>
> (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

(emphasis added.)

28. A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate.

29. The least sophisticated consumer would understand this statement to mean that the creditor is required by IRS regulations to report forgiveness of debt on a Form 1099-C for any debt that is cancelled which equals or exceeds $600, irrespective of whether the amount discharged is interest or principal.

30. Although the Defendants had no duty to disclose any potential tax ramifications, when a Defendant chooses to give tax disclosures, it must do so in a way that will not mislead the least sophisticated consumer as to his or her tax consequences.

31. If debt collectors are providing tax advice with regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures that leave out the essential element that the reporting of forgiveness of a debt happens

8

only if the **principal** forgiven exceeds $600, and that reporting of forgiveness of a debt would not happen even if the amount is greater than $600, if the amount forgiven contained interest forgiveness, so long as the principal was less than $600.

32. The 1099-C language included in the collection letter is ambiguous, yet the vagueness and uncertainty does not erase the fundamental mischief and deception that the statement intends to cause to the consumer. A consumer reading this statement will be led to believe that if a settlement erases any amount of debt greater than $600, then the creditor is required to report the forgiveness of debt to the IRS, per the IRS regulations, even if only interest is discharged.

33. Defendants' statement is inherently deceptive and misleading, by giving erroneous and incomplete tax information - because in actual fact and according to IRS regulations, the creditor "**will not**" be required to report to the IRS forgiveness of debt in an amount greater than $600 in forgiveness, if the amount contained interest.

34. If the creditor wishes to legitimately give tax advice in a sincere manner, then that creditor should specify and make clear to the least sophisticated consumer that only certain amounts require reporting, and that this applies only to principle and not to interest forgiveness.

35. The creditor should also specify what amounts are principal and what part of it is interest, in the amount owed. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

36. The use of the 1099-C reporting language used by Defendants is an

attempt by the debt collector to make the debtor think that the IRS regulations always require the reporting of forgiveness of debt, even if it is only interest. The least sophisticated consumer would reasonably read the letter to mean that the creditor, in all circumstances, will report forgiveness of debt as is required by IRS regulations as long as the debt discharged is more than $600.

37. The least sophisticated consumer may believe that in order to avoid reporting to the IRS, he or she will be have to pay no less than the whole debt less $600.00.

38. The FDCPA does not require that tax consequences be identified in collection letters sent to consumers; but where a debt collector has chosen to threaten the debtor with tax consequences, and has done so inaccurately, the false representation causes detrimental harm to the consumer since it concretely thwarts the consumer's ability to freely navigate a course of action in response to the collection notice. The risk in this type of harm is the detrimental impact to the consumer. And such harm is precisely the kind of infringement of the consumer's best interests that the FDCPA seeks to combat.

39. Such a statement in a collection letter suggests to the least sophisticated consumer that failure to pay will get the consumer into trouble with the IRS.

40. The March 11, 2016 collection letter also states:

> Please recognize that interest is accruing on your judgment. Because of interest being added, the amount due on the day you pay may be greater.

("Interest Accruing Language")

41. The Total Amount Due indicated on the March 11, 2016 letter is $987.70. However, based upon the date and the amount of the original judgment, Defendants have

decided to waive the collecting any post-judgment interest.

42. As such, Defendants' statement that "interest is accruing on your judgment" is false, deceptive, and misleading to the least sophisticated consumer because Defendants falsely suggest that the amount of the debt will increase when, in fact, no one is charging interest.

43. Such statement makes the least sophisticated consumer uncertain as to the amount allegedly owed to Defendant LVNV, and uncertain as to how much additional interest would continue to accrue.

44. Defendants' false and misleading statement threatening to apply interest is a collection ploy and a deceptive tactic used to trick the least sophisticated consumer that paying less than the full settlement offer amount or not paying immediately would casue the balance to increase.

45. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

46. Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

47. Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

48. Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

49. Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

50. Defendants' communications were designed to cause the debtor to suffer a

harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

51. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

52. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

53. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

54. It is Defendants' policy and practice to send written collection communications in the form exemplified by Exhibit A in an attempt to collect consumer debts in violation of the FDCPA.

55. Defendants used the same procedures in sending the March 11, 2016 collection letters to numerous other New Jersey consumers.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

56. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

57. Defendants violated 15 U.S.C. § 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

58. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempt to collect a debt from Plaintiff.

59. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of the debt.

60. Defendants violated 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

61. Defendants violated 15 U.S.C. §1692e(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

62. Defendants violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect on a debt.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  March 13, 2017　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　By: s/ Lawrence C. Hersh
　　　　　　　　　　　　　　　　　　　　　Lawrence C. Hersh, Esq.
　　　　　　　　　　　　　　　　　　　　　17 Sylvan Street, Suite 102B
　　　　　　　　　　　　　　　　　　　　　Rutherford, NJ  07070
　　　　　　　　　　　　　　　　　　　　(201) 507-6300

　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff on behalf of herself
　　　　　　　　　　　　　　　　　　　and all others similarly situated*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated:  March 13, 2017　　　　　　　　By: s/ Lawrence C. Hersh
　　　　　　　　　　　　　　　　　　　　　Lawrence C. Hersh, Esq.

EXHIBIT A

**JCC** J.C. Christensen & Associates, Inc.
P.O. BOX 519, SAUK RAPIDS, MN 56379

TOLL FREE#: 866-648-8591
Incoming Calls Answered: Mon-Tues - 8am-8pm, Wed - 8am-6pm
Thur-Fri - 8am-7pm, Sat - 8am-12pm
www.JCCSecurePay.com

JCC File #: ▮▮▮589
Original Account Number: XXXXXXXXXXXX0874
Original Creditor: Capital One Bank (USA) N.A.
Current Creditor: LVNV Funding LLC
Merchant:
**Total Due: $987.70**

03/11/16

## NOTICE OF JUDGMENT COLLECTION

Dear **Eileen Greene,**

J.C. Christensen & Associates has been contracted to lead and represent in the collection of the judgment awarded on your Capital One Bank (USA) N.A. account. This judgment, judgment number: DC 000802 03, was awarded on 03/19/2003 and holds a current balance of $987.70.

**THIS JUDGMENT MAY BE FORWARDED TO AN ATTORNEY FOR EXECUTION**

We have been given authorization to negotiate **SETTLEMENT** terms for **SATISFACTION OF THE JUDGMENT** entered against you. Please review the following settlement opportunities to make voluntary resolution of your judgment a reality:

**1** Settle your judgment now for a lump-sum of $740.78 on your outstanding judgment balance.

**2** Extend your time and settle your judgment in 12 payments of $69.96 and you have the flexibility of paying the settlement over twelve months.

**3** Contact us to discuss your financial situation and a customized payment plan that may be available to you.

To resolve your debt online, please visit us at www.JCCSecurePay.com. Most payment options are free with no transaction charges.

Take advantage of this opportunity to settle your judgment and avoid the possibility of this judgment being forwarded to an attorney for execution. Call us at **866-648-8591**.

To take advantage of this opportunity to settle your judgment, contact Trevor Branson at **866-648-8591**. Please recognize that interest is accruing on your judgment. Because of interest being added, the amount due on the day you pay may be greater. As long as you haven't made other arrangements to repay this debt, you may be eligible for this offer. For accounting purposes, your first payment toward the settlement must be received within 40 calendar days after the date of this letter. If you wish to make a payment proposal after that time, please call us to discuss it. We are not obligated to renew this offer. The opportunities listed above do not alter or amend your validation rights as contained in this document.

Please be aware that if the amount of debt forgiven as a result of settlement is equal to or greater than $600.00, your current creditor may be required by Internal Revenue Code Section 6050P to report the forgiven debt to the IRS and issue a form 1099c. If you have any questions regarding your personal taxes, it is recommended you consult with a certified public accountant or other tax professional.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

## CUSTOMER SERVICE AND PAYMENT INFORMATION

**Pay your bill online!**
**Visit us at**
**www.JCCSecurePay.com**

**TOLL FREE PHONE AND HOURS:**
**866-648-8591**
Mon-Tues - 8am-8pm, Wed - 8am-6pm
Thur-Fri - 8am-7pm, Sat - 8am-12pm

**SEND MAIL AND/OR PAYMENT TO:**
J.C. Christensen and Associates, Inc.
PO Box 519
Sauk Rapids, MN 56379

--------

Please detach and return with payment in the enclosed envelope.    RCP170

PO Box 1952
Southgate, MI 48195-0952

03/11/16

I authorize the following amount to be charged to my credit card shown. ☐ VISA  ☐ MasterCard  ☐ Discover  ☐ American Express 
Cardholder name: _____  Exp. Date: _____
Account #: ☐☐☐☐ ☐☐☐☐ ☐☐☐☐ ☐☐☐☐
Amount $: _____  Signature: _____
File Number: ▮▮▮589  Balance Due: $987.70
Original Account #: XXXXXXXXXXXX0874

Eileen Greene
▮▮▮▮▮▮▮▮▮▮

**PLEASE SEND ALL CORRESPONDENCE TO:**

J.C. CHRISTENSEN & ASSOCIATES, INC.
P.O. BOX 519
SAUK RAPIDS, MN 56379

Toll Free#: 866-648-8591
www.JCCSecurePay.com

ARAY/224150175350
546/0000260/0005