**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, on behalf of herself and all others*
*similarly situated*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————————X

EILEEN GREENE, on behalf of herself
and all others similarly situated,

                Plaintiff,

vs.

J.C. CHRISTENSEN & ASSOCIATES, INC.
and LVNV FUNDING LLC,

                Defendants.

Civil Action No. 2:17-cv-1700SCM

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT [D.E. 70]**

———————————————————————X


     **THIS MATTER** having been brought before the Court at a Fairness Hearing to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, to consider Class Counsel's application for an award of attorneys' fees and costs, and to consider the service awards to the Plaintiff; and the Plaintiff and Settlement Class Members being represented by Class Counsel and Defendants being represented by their attorneys;

     **AND THE COURT**, having read and considered the parties' Settlement Agreement and all the papers appurtenant thereto submitted by the parties and filed by Class Counsel, having reviewed and considered Plaintiff's brief and the declarations submitted in support

1

of the application, the oral arguments of counsel presented to the Court, if any, and all papers filed and proceedings had herein, and for good cause having been shown, the Court finds the following:

1.      On May 26, 2020, the Court granted Plaintiff's motion for preliminary approval of the class action settlement (ECF No. 68) in this action where Plaintiff alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*  The Court certified the Settlement Class for settlement purposes, appointed a Settlement Administrator, approved Plaintiff as Class Representative, and appointed Lawrence C. Hersh, Esq. as Class Counsel.

2.      The Settlement Class certified by the Court was defined as:

All New Jersey residents to whom J.C. Christensen & Associates, Inc., at any time between March 11, 2016 through the date of this settlement agreement, sent a letter in an attempt to collect a debt where the current creditor was LVNV Funding, LLC and the original creditor was Capital One Bank (USA) N.A. in substantially the same form as Exhibit A to the Complaint and which includes the following language:

"Please be aware that if the amount of debt forgiven as a result of settlement is equal to or greater than $600.00, your current creditor maybe required by Internal Revenue Code Section 6050P to report the forgiven debt to the IRS and issue a form 1099c."

"Please recognize that interest is accruing on your judgment.  Because of interest being added, the amount due on the day you pay may be greater."

3.      The Settlement Class database provided by Defendants to the Settlement Administrator ultimately included 165 persons who meet the definition of the Settlement Class, and Notice was mailed to those 165 members of the Settlement Class.

4.      The Settlement Administrator has reported to the Court that the mailing was generally successful and that there were no objections or requests to be excluded from the Settlement Class.

5.      Class Counsel did not receive any objections or requests for exclusion.

6.      The Court has not received any requests for exclusion or objections.

7.      Plaintiff now requests final approval of the settlement.

8.      The Court has considered the Settlement Agreement, the Brief and Declarations and/or Certifications submitted in support of it, the accompanying documents, and the record.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

9.      The Court has jurisdiction over the subject matter of this matter and over all parties hereto.

10.      The application for Final Approval of the proposed settlement is GRANTED and the parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement, and as set forth in this Order.

11.      The Court finds that the settlement, on the terms and conditions set forth in the Settlement Agreement, attached as Exhibit A to the Declaration of Lawrence C. Hersh, Esq., is fundamentally fair, reasonable, and adequate, and is in the best interests of the Settlement Class Members, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in litigation; and the limited amount of any potential recovery that could be shared by the Settlement Class Members.

12.      As set forth in paragraph 11(c) of the Settlement Agreement, Defendants shall fund the escrow account to be established by the Settlement Administrator in the amount

calculated pursuant to paragraph 11 of the Settlement Agreement within seven (7) days from the date this Order is entered.

13.    Within thirty (30) days of the date of this Order, the Settlement Administrator shall mail each Class Member their check according to the formula and process set forth in paragraph 11 of the Settlement Agreement.

14.    As set forth in paragraph 11(f) of the Settlement Agreement, funds from uncashed checks shall be paid as a *cy pres* award to Central Legal Jersey Services after J.C. Christensen & Associates, now known as Alltran Health, Inc., is reimbursed for claims administration costs.

15.    For efforts on behalf of the Class and to settle individual claims, Defendants shall pay $3,000 to Plaintiff Eileen Greene in the manner set forth in paragraph 12 of the Settlement Agreement within twenty-one (21) days of the date of this Order.

16.    Upon entry of this Order and final approval of the settlement, Plaintiff and each member of the Settlement Class who have not been excluded will release Defendants as follows:

> As a result of the settlement that has been approved in this matter, when this judgment becomes effective upon the final approval date, Plaintiff and each Member of the Settlement Class, for themselves, their heirs, successors and assigns shall have jointly and severally remised, released, acquitted and forever discharged Defendant, including past and present partners, members, officers, directors, shareholders, employees, agents, successors and assigns of J.C. CHRISTENSEN & ASSOCIATES, INC. (now known as Alltran Health, Inc.) and LVNV FUNDING LLC of and from any and all actions, causes of action, suits, claims, defenses, covenants, controversies, agreements, promises, damages, judgments, demands, liabilities and obligations in law or in equity that Plaintiff and members of the Settlement Class, as defined herein, asserted or could have asserted as a result of, arising out of, or in connection with the practices described in all versions of the Complaint in this action as they relate to all claims concerning any alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA").

17.     Defendants shall pay Class Counsel's fees and costs in the amount of $30,450.00, which payment includes costs and expenses (excluding the expenses of the Settlement Administrator), time already spent and time to be spent attending hearings, and the monitoring of the settlement. This amount does not include any time, if necessary, to enforce any breach of the settlement agreement or from any appeals. The fees are in addition to the settlement benefits each Settlement Class Member will be receiving and are the sole property of Class Counsel, not Plaintiff or the Class. The Court finds that this award, requested hourly rate of $525.00 per hour, and time expended are fair and reasonable. Pursuant to the Settlement Agreement, this payment shall be made within twenty-one (21) days of the date of this Order in the manner set forth in the Settlement Agreement.

18.     Final Judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement.

19.     This Action against the Defendants is hereby dismissed with prejudice, but the Court shall retain exclusive and continuing jurisdiction over the action and all parties to interpret and enforce the terms, conditions and obligations of this Settlement Agreement.

**IT IS SO ORDERED.**

Dated: 9/21/2020

*Steve Mannion, USMJ*

HONORABLE STEVEN C. MANNION
UNITED STATES MAGISTRATE JUDGE